United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **GREENWORKSUS,**<br><br>         **Plaintiff,**<br><br>    vs.<br><br>**SAFE STEP WALK-IN TUB CO.**, *et al.*,<br><br>         **Defendants.** | Case No.: 13-CV-1375 YGR<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; SETTING COMPLIANCE HEARING** |

On May 28, 2013, Defendants Safe Step Walk-In Tub Co. and Michael Duffer filed a motion to stay the above-captioned case pending the resolution of a motion to compel arbitration that Defendants filed in the United States District Court for the Middle District of Tennessee's Case Number 3:13-0489 (the "Tennessee action"). Dkt. No. 15. After Plaintiff failed to respond to Defendants' motion to stay, this Court granted it and stayed this case on July 12, 2013. Dkt. No. 20 (the "July 12 Order"). Plaintiff seeks leave to file a motion for reconsideration of said Order pursuant to this Court's Civil Local Rule 7-9(a).[1] Dkt. No. 21.[2]

This Court's Civil Local Rule 7-9(b) requires a party seeking reconsideration of an interlocutory order to show "specifically":

---

[1] "No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Civ. L.R. 7-9(a).

[2] Annexed to the Motion but not separately attached in ECF or labeled as an exhibit is the declaration of Plaintiff's counsel, Ronald G. Rosenberg ("Rosenberg Decl.").

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that *in the exercise of reasonable diligence* the party applying for reconsideration *did not know such fact* or law *at the time of the interlocutory order*; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b) (emphases supplied). The standard set forth in paragraph 1 of the Local Rule applies here.

Plaintiff seeks reconsideration on two grounds: first, that its failure to file an opposition brief "was the result of mistake, inadvertence, surprise, or excusable neglect," and second, because a material difference of fact exists from those earlier presented to the Court. *Id.* at 1-2. The purported material difference of fact is that, on July 2, 2013, before this Court entered its stay, the Middle District of Tennessee stayed the Tennessee action "pending a related and prior filed action in the Northern District of California in which the motion to compel arbitration of the same parties is pending." Dkt. No. 22, Ex. B (the "July 2 Order"). For the three reasons set forth below, Plaintiff's motion is **DENIED**.

First, Plaintiff forthrightly admits that the reason it failed to oppose Defendants' motion to stay was "a calendaring error by counsel." Such a mistake does not justify granting leave under Local Rule 7-9(b). Indeed, the Rule expressly requires a party seeking reconsideration to have exercised "reasonable diligence."

Second, the purported difference in material fact—that the Tennessee action was already stayed when this Court entered its stay—does not support reconsideration. Plaintiff has not made any showing, let alone a specific showing, that when this Court entered its stay on July 12, Plaintiff lacked knowledge of the Tennessee court's July 2 stay despite the exercise of reasonable diligence. To the contrary, the Tennessee court issued its July 2 Order *only after* Plaintiff apparently filed a motion to alter or amend an order issued on July 1, 2013, which granted Defendants' motion to compel after Plaintiff failed to oppose it. *See* Dkt. No. 22, Ex. A & ¶ 2. Based on this record, the

Court finds that Plaintiff either knew or should have known about the Tennessee court's July 2 Order before this Court issued its July 12 Order. This finding supplies another, independent reason to deny Plaintiff's request for reconsideration.

Third, even if counsel had timely presented this Court with the Tennessee court's July 2 Order, the Court still would have stayed this case. While the Court appreciates that the Tennessee action has been stayed pending this Court's supposed resolution of a motion to compel arbitration, the fact is that, while Defendants filed a motion *to stay* in this case, neither party has moved this Court *to compel arbitration*. The record reflects that Defendants filed a motion to compel arbitration in the Tennessee action, but neither party has filed a motion to compel arbitration in *this* action.[3] So far as this Court can discern, the only motion to compel arbitration between these parties is the one pending in Tennessee. As such, the Court is not persuaded that the stay in this action should be lifted.

For the foregoing reasons, Plaintiff's motion for leave to file a motion to reconsider is **DENIED**. The above-captioned action remains **STAYED** pending resolution of the motion to compel arbitration that was filed in the Tennessee action.

Further, Plaintiff's counsel is hereby **ORDERED** to cause to be filed in the Tennessee action (1) a copy of this Order and (2) the docket sheet in this action. Plaintiff's counsel is **ORDERED** to appear **in person** for a compliance hearing on **Friday, September 6, 2013, at 9:01 a.m.**, in Courtroom 5, Federal Courthouse, 1301 Clay Street, Oakland, California. Five (5) business days prior to the date of the compliance hearing, Plaintiff's counsel shall file either a one-page statement of compliance or a one-page statement setting forth an explanation for his failure to comply. If compliance is complete, the compliance hearing will be taken off calendar and Plaintiff's counsel need not appear. Failure to comply may result in sanctions.

---

[3] The Court notes that Plaintiff's counsel misstates which motions are currently pending in this action: in his declaration, he first correctly identifies Defendants' May 28, 2013 motion as a motion to stay, but later incorrectly identifies it as a motion to compel arbitration. *Compare* Rosenberg Decl. ¶ 5 ("On May 28, 2013, Petitioners filed a Motion in this action to Stay this Action pending the resolution of the Arbitration.") *with id.* ¶ 11-12 (referring to May 28, 2013 motion as a "Motion to Compel"). This misstatement may reflect confusion by the parties as to the contents of this case's docket, which may in turn explain the Tennessee court's order.

3

This Order terminates Docket No. 21.

**IT IS SO ORDERED**.

Dated:  August 20, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**